1

2
**SHUB LAW FIRM LLC.**
Jonathan Shub (State Bar No. 237708)

3
Kevin Laukaitis
*jshub@shublawyers.com*

4
*klaukaitis@shublawyers.com*
134 Kings Highway E Fl 2

5
Haddonfield, NJ 08033
Telephone: (856) 772-7200

6

7
*Counsel for Plaintiff and the Proposed Class*

8
[Additional counsel listed on signature page]

9

10

11
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

12

13
LISA ROBIE, individually, and on behalf of
all others similarly situated,

Case No. 4:20-cv-07355-JSW

14

**MEMORANDUM OF POINTS AND**
15
Plaintiff,
**AUTHORITIES IN OPPOSITION TO**
vs.
**DEFENDANT'S MOTION TO DISMISS**

16
TRADER JOE'S COMPANY,

17
Date:  April 16, 2021
Defendant.
Time:  9:00 a.m.

18
Courtroom:  5, Oakland Courthouse

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ..................................................................................................... ii

STATEMENT OF ISSUES TO BE DECIDED ....................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 1

LEGAL STANDARDS .............................................................................................................. 3

ARGUMENT ............................................................................................................................... 4

I.  PLAINTIFF'S STATE LAW CLAIMS ARE NOT PREEMPTED .................................. 4

    A.  There is a Strong Presumption Against Preemption .................................................. 4

    B.  Defendant's Preemption Argument is Unavailing because State and Federal Requirements are Identical ..................................................................... 4

    C.  Plaintiff's State Law Claims Seek Same Relief Already Required by Federal Regulations – Disclosure of Artificial Flavors ........................................... 5

    D.  Both California and Federal Law Require Defendant to Specifically Identify Vanillin and Artificial Flavor on the Ingredient List ............................... 10

II.  Whether a Labeling Statement is Likely to Deceive a Reasonable Consumer is Not Appropriate for Determination on a Motion to Dismiss ............................................. 10

III.  Plaintiff is Entitled to Equitable Relief ................................................................................ 12

IV.  Plaintiff has Standing to Bring Claims for Monetary and Injunctive Relief ................... 12

    A.  Plaintiff has Plausibly Alleged an Economic Injury ................................................. 12

    B.  Plaintiff has Standing for Injunctive Relief ............................................................... 13

V.  PLAINTIFF'S REMAINING CLAIMS ARE ADEQUATELY PLED .......................... 14

    A.  Warranty and Fraud Claims ......................................................................................... 14

    B.  Unjust Enrichment ......................................................................................................... 14

CONCLUSION ......................................................................................................................... 15

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

*Allred v. Frito-Lay N. Am., Inc.*,
4    No. 17-cv-1345-JLS-BGS, 2018 WL 1185227 (S.D. Cal. Mar. 7, 2018) ........................... 9, 12

5

*Ashcroft v. Iqbal*,
     556 U.S. 662 (2009) ................................................................................................................ 3
6

*Astiana v. Hain Celestial Grp. Inc.*,
7    783 F.3d 753 (9th Cir. 2015) ................................................................................................ 19

8

*Augustine v. Talking Rain Beverage Co., Inc.*,
9    386 F. Supp. 3d 1317 (S.D. Cal. 2019) .................................................................................. 9

10

*Bailey v. Rite Aid Corp.*,
     No. 18-cv-06926-YGR, 2019 WL 4260394 (N.D. Cal. Sept. 9, 2019) ................................. 13
11

12

*Barreto v. Westbrase Nat.*,
     No. 19-cv-09677-PKC, 2021 WL 76331 (S.D.N.Y. Jan. 7, 2021) .......................................... 8
13

*Bell Atl. Corp. v. Twombly*,
14   550 U.S. 544 (2007) ........................................................................................................ 3, 12

15

*Branca v. Bai Brands, LLC*,
     No. 3:18-cv-00757-BEN-KSC, 2019 WL 1082562 (S.D. Cal. Mar. 7, 2019) ....................... 9
16

17

*Brazil v. Dole Food Company, Inc.*,
     935 F. Supp. 2d 947 (N.D. Cal. 2013) ................................................................................... 5

18

*Burton v.  Time Warner Cable Inc.*,
19   No. 12-cv-06764 (JGB) (AJW), 2013 WL 3337784 (C.D. Cal. Mar. 20, 2013) ..................... 4

20

*Chavez v. Blue Sky Nat. Beverage Co.*,
     340 F. App'x 359 (9th Cir. 2009) ......................................................................................... 17
21

*Cicone v. URS Corp.*,
22   227 Cal.Rptr. 887 (Ct.App. 1986) .......................................................................................... 8

23

*Clark v. Westbrae Natural, Inc.*,
24   No. 20-cv-3221-JSC, 2020 U.S. Dist. LEXIS 224966 (N.D. Cal. Dec. 1, 2020) .................. 14

25

*Colgan v. Leatherman Tool Group, Inc.*,
     135 Cal. App. 4th 663 (2006) .............................................................................................. 13
26

27

*Cosgrove v. Blue Diamond Growers*,
     No. 19-cv-8993-VM, 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020) .................................. 8, 14

28

*Cosgrove v. Oregon Chai, Inc.*,
    Opinion and Order, No. 19-cv-10686 (S.D.N.Y. Feb. 21, 2021) ........................................... 14

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ....................................................................................... 17, 18

*Davison v. Santa Barbara High Sch. Dist.*,
    48 F. Supp. 2d 1225 (C.D. Cal. 1998) ................................................................................. 4

*Deras v. Volkswagen Group of America, Inc.*,
    No. 17-cv-05452-JST, 2018 WL 2267448 (N.D. Cal. May 17, 2018) ................................... 16

*Durnford v. MusclePharm Corp.*,
    907 F.3d 595 (9th Cir. 2018) ............................................................................................. 4

*Dvora v. Gen. Mills*,
    No. 11-cv-1074, 2011 WL 1897349 (C.D. Cal. May 16, 2011) ............................................. 7

*Engurasoff v. Coca-Cola Co.*,
    No. 13-cv-03990 (JSW), 2014 WL 4145409 (N.D. Cal. Aug. 21, 2014) ................................. 9

*Gross v. Vilore Foods Co.*,
    No. 3:20-cv-00894-DMS-JLB, 2020 WL 6319131 (S.D. Cal. Oct. 28, 2020) ..................... 16

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) ............................................................................ 18

*Hawkins v. Kroger Company*,
    906 F.3d 763 (9th Cir. 2018) ............................................................................................. 4

*Henry v. Gerber Prod. Co.*,
    No. 3:15-cv-02201-HZ, 2016 WL 1589900 (D. Or. Apr. 18, 2016) ....................................... 7

*Hilsley v. Gen. Mills, Inc.*,
    376 F. Supp. 3d 1043 (S.D. Cal. 2019) ............................................................................... 9

*In re Farm Raised Salmon Cases*,
    175 P.3d 1170, 72 Cal. Rptr. 3d 112, 42 Cal. 4th 1077 (2008) ............................................ 5

*Ivie v. Kraft Foods Global, Inc.*,
    961 F. Supp. 2d 1033 (N.D. Cal. June 28, 2013) ................................................................. 6

*Kang v. P.F. Chang's China Bistro, Inc.*,
    No. 19-cv-02252-PA-SP, 2020 WL 2027596 (C.D. Cal. Jan. 9, 2020) ............................... 14

*Kang v. P.F. Chang's China Bistro, Inc.*,
    No. 20-cv-55138, 2021 WL 463443 (9th Cir. Feb. 9, 2021) ............................................... 15

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ......................................................................................... 3

*Kosta v. Del Monte Corp.*,
   No. 12-cv-1722-YGR, 2013 WL 2147413 (N.D. Cal. May 15, 2013) ..................................... 4

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011) ................................................................................................. 17

*Lam v. Gen. Mills, Inc.*,
   859 F. Supp. 2d 1097 (N.D. Cal. 2012) ............................................................................... 7

*Lavie v. Procter & Gamble Co.*,
   105 Cal. App. 4th 496 (2003) ........................................................................................ 13

*McKinnis v. Kellogg USA*,
   No. 07-cv-2611, 2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) ........................................... 7

*McKinniss v. General Mills, Inc.*,
   No. 07-cv-2521, 2007 WL 4762172 (C.D. Cal. Sept. 18, 2007) ........................................... 7

*McKinniss v. Sunny Delight Beverages Co.*,
   No. 07-cv-02034, 2007 WL 4766525 (C.D. Cal. Sept. 4, 2007) ........................................... 7

*Moore v. Mars Petcare US, Inc.*,
   966 F.3d 1007 (9th Cir. 2020) ...................................................................................... 19

*Parham v. Aldi Inc.*,
   Report and Recommendation, No. 19-cv-8975 (S.D.N.Y. Feb. 15, 2021) ............................. 14

*Pichardo v. Only What You Need, Inc.*,
   No. 20-cv-0493-VEC, 2020 U.S. Dist. LEXIS 199791
   (S.D.N.Y. Oct. 27, 2020) ............................................................................................. 13

*Red v. The Kroger Co.*,
   No. 10-cv-01025 (DMG) (MAN), 2010 WL 4262037 (C.D. Cal. Sept. 2, 2010) ..................... 6

*Reid v. Johnson & Johnson*,
   780 F.3d 952 (9th Cir. 2015) .......................................................................................... 5

*Sharpe v. A & W Concentrate Company and Keurig Dr. Pepper Inc.*,
   __ F. Supp.3d __, No. 1:19-cv-00768-BMC,
   2020 WL 4931045 (E.D.N.Y. August 24, 2020) ........................................................ 11, 15

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ................................................................................... 15, 16

*Steele v. Wegmans Food Mkts., Inc.*,
   472 F. Supp. 3d 47 (S.D.N.Y. 2020) ........................................................................ 11, 13

*Tarzian v. Kraft Heinz Foods Co.*,
  2019 WL 5064732 (N.D. Ill. Oct. 9, 2019) ................................................ 10

*Tucker v. Post Consumer Brands, LLC*,
  No. 19-cv-03993-YGR, 2020 WL 1929368 (N.D. Cal. April 21, 2020) ................ 18

*Viggiano v. Hansen Natural Corp.*,
  944 F. Supp. 2d 877 (C.D. Cal. 2013) ...................................................... 6

*Vizcarra v. Unilever United States, Inc.*,
  No. 4:20-cv-02777, 2020 WL 4016810 (N.D. Cal. July 16, 2020) ..................... 10

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008) ......................................................... 13, 14

*Wyeth v. Levine*,
  555 U.S. 555 (2009) ....................................................................... 4

*Wynn v. Topco Assocs., LLC*,
  No. 19-cv-11104-RA, 2021 WL 5015262 (S.D.N.Y. Jan. 19, 2021) ................... 8

*Zaback v. Kellogg Sales Co.*,
  No. 3:20-cv-00268 (BEN)(MSB), 2020 WL 3414656 (S.D. Cal. June 22, 2020) ........ 11

*Zaragoza v. Apple Inc.*,
  No. 18-cv-06139-PJH, 2019 WL 1171161 (N.D. Cal March 13, 2019) ................ 16

*Zeiger v. Wellpet LLC*,
  304 F. Supp. 3d 837 (N.D. Cal. 2018) ................................................... 10

**RULES**

Fed. R. Civ. P. 12(b)(6) ..................................................................... 3

Fed. R. Civ. P. 8 .............................................................................. 3

**REGULATIONS**

21 C.F.R. § 101.22(a)(3)................................................................... 10

21 C.F.R. § 101.22(h)(1) .................................................................. 12

21 C.F.R. § 101.22(i) ...................................................................... 15

21 C.F.R. § 101.22(i)(1)(iii) ............................................................ 6, 7

21 C.F.R. § 101.22(i)(2) ..................................................................... 7

21 C.F.R. § 101.4(b)(1) .................................................................... 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In compliance with Northern District of California Local Rule 7-4, Plaintiff Lisa Robie ("Plaintiff"), through counsel, respectfully submits opposition to the motion filed by Defendant Trader Joe's Company ("Trader Joe's" or "Defendant") to dismiss Plaintiff's First Amended Class Action Complaint ("Amended Complaint" or "Am. Compl."), Dkt 33. Defendant asks this Court to dismiss Plaintiff's Amended Complaint. *See* Defendant's Notice of Motion and Motion to Dismiss Plaintiff's Complaint; Memorandum of Points and Authorities In Support Thereof ("Def. Mem."), Dkt 35. Defendant's arguments should be rejected.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Are Plaintiff's claims expressly preempted by federal law?

2.      Does Plaintiff state a claim under the UCL, FAL, and CLRA by alleging that a reasonable consumer would understand "Other Natural Flavors" to represent a cereal's flavor does not contain artificial flavors?

3.      Has Plaintiff sufficiently asserted economic injury by alleging that she spent money that, absent Defendant's actions, she would not have spent, which the Ninth Circuit has found to be a quintessential injury-in-fact?

4.      Does Plaintiff state a claim for breach of warranty, either express or implied, or violation of the Magnuson-Moss Warranty Act ("MMWA")?

5.      Does Plaintiff state a claim for common-law fraud?

6.      Does Plaintiff state a claim for unjust enrichment?

7.      Can Plaintiff assert claims for equitable relief?

8.      Does Plaintiff have standing for injunctive relief where she has made plausible allegations regarding the threat of future harm?

## STATEMENT OF FACTS

Defendant labels its Trader Joe's Almond Clusters cereal as "Vanilla Flavored With Other Natural Flavors" (the "Product"). *See* Am. Compl. at ¶ 4; *see* below (representation circled).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16     The representation of the Product as "Vanilla Flavored With Other Natural Flavors" causes

17  consumers, like Plaintiff, to believe that the Product will contain an appreciable amount of vanilla

18  from the vanilla plant *and* non-vanilla, natural flavors. Am. Compl. at ¶¶ 106-09.

19     Unfortunately for consumers, Defendant's representations are false and misleading.

20  Specifically, laboratory testing of the Product revealed that (1) the amount of vanilla is a trace or

21  *de minimis* and (2) the predominant source of the purported vanilla taste is from artificial flavors

22  – vanillin and ethyl vanillin. Am. Compl. at ¶¶ 92-96. These versions of vanillin are "from an

23  artificial petrochemical source" made through chemical reactions. Am. Compl. at ¶¶ 106-107.

24     As a result of the misleading labeling, the Product is sold at a premium price, as compared

25  to similar products. Am. Compl. at ¶ 121. Plaintiff purchased the Product on multiple occasions.

26  Am. Compl. at ¶ 16. Plaintiff saw the "Vanilla [Almond] Flavored With Other Natural Flavors"

27  representation and relied on it to expect that the Product would contain vanilla from the vanilla

28

1   plant and only other natural flavors – *not* artificial flavors. Am. Compl. at ¶ 18. Had Plaintiff

2   known this was false, she would not have purchased the Product at a premium price or bought the

3   Product at all. Am. Compl. at ¶ 23.

4        Plaintiff alleges violations of both the unlawful and unfair/fraudulent prongs of the UCL,

5   the FAL and the CLRA. Am. Compl. at ¶¶ 140-171. Plaintiff also alleges claims for breach of

6   warranty, fraud, and unjust enrichment. Am. Compl. at ¶¶ 172-87. Plaintiff seeks monetary

7   damages and equitable and injunctive relief.

8   **LEGAL STANDARDS**

9        A pleading that sets forth a claim for relief "must contain a short and plain statement of the

10  claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *Bell Atl. Corp. v. Twombly*,

11  550 U.S. 544, 556 (2007) ("a well-pleaded complaint may proceed even if it strikes a savvy judge

12  that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'");

13  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring a complaint to only "contain sufficient

14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

15       In considering a motion where a party contends a complaint fails to state a claim, the court

16  accepts "allegations in the complaint as true and construe[s] the pleadings in the light most

17  favorable to the nonmoving party." Fed. R. Civ. P. 12(b)(6); *Knievel v. ESPN*, 393 F.3d 1068,

18  1072 (9th Cir. 2005).

19       This means that "(1) a complaint must 'contain sufficient allegations of underlying facts to

20  give fair notice and to enable the opposing party to defend itself effectively,' and (2) 'the factual

21  allegations that are taken as true must plausibly suggest an entitlement to relief.'" *Burton v. Time*

22  *Warner Cable Inc.*, No. 12-cv-06764 (JGB) (AJW), 2013 WL 3337784, at *2 (C.D. Cal. Mar. 20,

23  2013); *Davison v. Santa Barbara High Sch. Dist.*, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998) ("If

24  the moving party could obtain the missing detail through discovery, the motion should be

25  denied.").

26

27

28

**ARGUMENT**

**I.     PLAINTIFF'S STATE LAW CLAIMS ARE NOT PREEMPTED**

**A.     There is a Strong Presumption Against Preemption**

It is well understood that "[l]aws regulating the proper marking of food, including the prevention of deceptive sales practices, are [] within states' historic police powers." *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1187 (S.D. Cal. 2015).

Thus, state food labeling requirements "are not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Hawkins v. Kroger Company*, 906 F.3d 763, 789 (9th Cir. 2018). Accordingly, "[t]here is a strong presumption against federal preemption in the area of proper marketing and regulation of food, a realm traditionally in the power of the States." *Kosta v. Del Monte Corp.*, No. 12-cv-1722-YGR, 2013 WL 2147413, at *6 (N.D. Cal. May 15, 2013); *see also Durnford v. MusclePharm Corp.*, 907 F.3d 595, 601 (9th Cir. 2018) ("a presumption against preemption applies to the extent the FDCA is used to displace state law in an area of traditional state police power . . . [c]onsumer protection falls well within that category.").

**B.     Defendant's Preemption Argument is Unavailing because State and Federal Requirements are Identical**

Defendant contends that Plaintiff's claims are preempted by the Food, Drug and Cosmetic Act ("FDCA"), which prohibits the misbranding of food. Def. Mem. at 4-8. The FDCA was amended by the Nutrition Labeling and Education Act (the "NLEA") "to create uniform national standards regarding the labeling of food and to prevent states from adopting inconsistent requirements with respect to the labeling of nutrients." *In re Farm Raised Salmon Cases*, 175 P.3d 1170, 72 Cal. Rptr. 3d 112, 119, 42 Cal. 4th 1077 (2008).

The NLEA "recognize[d] the importance of the State role: by allowing States to adopt standards that are identical to the Federal standard," such as California's Sherman Law. *Brazil v. Dole Food Company, Inc.*, 935 F. Supp. 2d 947, 956 (N.D. Cal. 2013) (noting that "through the Sherman Law, California has expressly adopted the federal labeling requirements as its own"); Am. Compl. at ¶¶ 29-30, 143-144; 60 Fed. Reg. 57120 (Nov. 13, 1995) (under FDA regulations,

1   "if the State requirement is identical to Federal law, there is no issue of preemption").

2        Since there cannot be preemption where state law requirements "are identical to the federal

3   labeling requirements," Defendant's argument fails. *Reid v. Johnson & Johnson*, 780 F.3d 952,

4   980 (9th Cir. 2015); *see Kosta*, 2013 WL 2147413, at *7 ("the many district courts addressing this

5   issue have found that state law claims are not preempted where the food labeling requirements

6   under state law are identical to their federal FDCA and NLEA counterparts.").

7        **C.     Plaintiff's State Law Claims Seek Same Relief Already Required by**
**Federal Regulations – Disclosure of Artificial Flavors**
8

9        Defendant contends – not through an affidavit from someone with personal knowledge –

10  that "The Product contains both vanilla and other natural flavors," which is why it is labeled as

11  "Vanilla Flavored With Other Natural Flavors." Def. Mem. at 5 and 8 citing 21 C.F.R. §

12  101.22(i)(1)(iii).

13       Defendant's authorities are misplaced, because they involved questions of law and

14  interpretation of regulations. Def. Mem. at 8 citing *Red v. The Kroger Co.*, No. 10-cv-01025

15  (DMG) (MAN), 2010 WL 4262037, at *4 (C.D. Cal. Sept. 2, 2010) (dismissing case because

16  plaintiff's argument – that "cholesterol free" was true, yet misleading because of other, undefined

17  "disqualifying criteria," such as trans fats, were not considered by the FDA); *Ivie v. Kraft Foods*

18  *Global, Inc.*, 961 F. Supp. 2d 1033, 1041 (N.D. Cal. June 28, 2013) (rejecting claim that sodium

19  citrate and potassium citrate – "artificial ingredients" – required the lemonade mix to be described

20  as "artificially flavored" because "Neither [ingredient], however, is included in the FDA's list of

21  artificial flavors. See 21 C.F.R. § 172.515(b), 182.60."); *Viggiano v. Hansen Natural Corp.*, 944

22  F. Supp. 2d 877, 891 (C.D. Cal. 2013) (rejecting claim that sucralose and ace-k "are *not* flavors;

23  rather, they are sweeteners and/or flavor enhancers. They do not impart a taste to the diet soda,

24  and they do not appear on the FDA's list of artificial flavors.") (emphasis in original).

25       In contrast, Plaintiff alleges that the Product contains the artificial version of vanillin *and*

26  ethyl vanillin, "classified by the FDA as synthetic flavoring substances and artificial flavors. 21

27  C.F.R. § 182.60." Am. Compl. at ¶ 52.

28

1   Defendant's other authorities involve instances where plaintiffs challenged front label

2   flavor designations as misleading based on the presence or absence of other ingredients. Def. Mem.

3   at 8 fn 4 citing *Henry v. Gerber Prod. Co.*, No. 3:15-cv-02201-HZ, 2016 WL 1589900, at *6 (D.

4   Or. Apr. 18, 2016) (dismissing claims banana-flavored rice puffs were misleading as preempted

5   because FDA regulations permitted their description as "Naturally Flavored with Other Natural

6   Flavors" along with "the name and image of a fruit…even if the product does not actually contain

7   any of the depicted fruit.");[1] *Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d 1097, 1103 (N.D. Cal. 2012)

8   (finding "naturally flavored" statement was preempted even though the product contained other

9   artificial ingredients).

10   The Amended Complaint states that the regulation relied upon by Defendant, 21 C.F.R. §

11   101.22(i)(1)(iii), is "not applicable because the vanillin and ethyl vanillin are artificial flavors."

12   Am. Compl. at ¶¶ 83-84; 107. These flavors impart a "sweet, creamy" taste, and "simulate[s],

13   resemble[s] or reinforce[s] the characterizing [vanilla] flavor," which require the front label to

14   state "Artificially Flavored." Am. Compl. at ¶ 111 citing 21 C.F.R. § 101.22(i)(2).

15   Identifying "Vanilla [Flavored]" and "natural flavors" without mentioning the more

16   predominant artificial flavors, is a classic half-truth. *See Cicone v. URS Corp.*, 227 Cal.Rptr. 887,

17   891 (Ct.App. 1986) ("[o]ne who is asked for or volunteers information must be truthful, and the

18   telling of a half-truth calculated to deceive is fraud.").

19   Defendant's motion fails to challenge disputed factual allegations beyond describing them

20

21   _____

22   [1] *See also Viggiano*, 944 F. Supp. 2d at 891 (finding challenges to images and names of fruit
    preempted because FDA regulations allow for their usage in identifying a "characterizing flavor"
23   regardless of whether a product contains any flavor from the named fruit) citing *McKinnis v.
    Kellogg USA*, No. 07-cv-2611, 2007 WL 4766060, *4 (C.D. Cal. Sept. 19, 2007) ("natural fruit
24   flavors" and depictions of specific fruits does not require presence of any specific fruit); *McKinniss
    v. General Mills, Inc.*, No. 07-cv-2521, 2007 WL 4762172, *3 (C.D. Cal. Sept. 18, 2007);
25   *McKinniss v. Sunny Delight Beverages Co.*, No. 07-cv-02034, 2007 WL 4766525, *4 (C.D. Cal.
    Sept. 4, 2007) (same); ("FDA regulations permit illustrations of fruit on product labels to indicate
26   that product's `characterizing flavor,' even where the product contains no ingredients derived from
    the depicted fruit," citing 21 C.F.R. § 101.22(i)(1)(i-iii)); *Dvora v. Gen. Mills*, No. 11-cv-1074,
27   2011 WL 1897349, at *4 (C.D. Cal. May 16, 2011) ("natural flavored" permitted where the food
    contains some flavor from the named flavor).

28   _____

as "implausible," which is wrong for several reasons.

First, "the only natural vanillin is from the vanilla plant," and "vanillin from other, non-vanilla sources is by definition, artificial, and an artificial flavor." Am. Compl. at ¶ 109. Defendant's reliance on other courts for a factual conclusion describing vanillin as a "naturally occurring substance obtained from tree bark which simulates vanilla flavor" is a "half-truth." Def. Mem. at 6 citing *Cosgrove v. Blue Diamond Growers,* No. 19-cv-8993-VM, 2020 WL 7211218, at *1  (S.D.N.Y. Dec. 7, 2020).

Second, Plaintiff provided detailed allegations about the artificial sources used for vanillin. Am. Compl. at ¶¶ 62, 66 (identifying "[G]uaiacol, [is] the source of 85% of vanillin, and obtained from [the] synthetic petrochemicals" and lignin, which "contain[s] chemicals used in the processing of wood pulp"); Def. Mem. at 6 citing *Wynn v. Topco Assocs., LLC*, No. 19-cv-11104-RA, 2021 WL 5015262, at *6 (S.D.N.Y. Jan. 19, 2021) ("[T]he lack of sufficient allegations here that the purportedly artificial flavors are in fact artificial is fatal to Plaintiffs' claim."); *Barreto v. Westbrase Nat.*, No. 19-cv-09677-PKC, 2021 WL 76331, at *3-4 (S.D.N.Y. Jan. 7, 2021) (dismissing claim because plaintiff "does not plausibly allege that the added vanillin detected by the GS-MS analysis was derived from artificial rather than natural sources").

Defendant argues the Court should not credit Plaintiff's allegations that it used the artificial versions of vanillin, which is not appropriate at this stage. *See Allred v. Frito-Lay N. Am., Inc.*, No. 17-cv-1345-JLS-BGS, 2018 WL 1185227, at *5 (S.D. Cal. Mar. 7, 2018) (denying dismissal of claims that potato chips contained the *artificial* version of malic acid because court "cannot make a factual determination at this stage as to whether malic acid is an artificial flavor."); *Hilsley v. Gen. Mills, Inc.*, 376 F. Supp. 3d 1043, 1047 (S.D. Cal. 2019) (accepting as true plaintiff's allegations that the *artificial* version of malic acid "simulates, resembles, and reinforces the characterizing fruit flavor for the Products," the "FDA regulations require Defendants to label the fruit flavored snacks as artificially flavored."); *Branca v. Bai Brands, LLC*, No. 3:18-cv-00757-BEN-KSC, 2019 WL 1082562, at *3 (S.D. Cal. Mar. 7, 2019) (denying motion to dismiss because it could not be determined at pleading stage whether the malic acid in the fruit drinks was the

1   *artificial* version); *Augustine v. Talking Rain Beverage Co., Inc.*, 386 F. Supp. 3d 1317, 1322–23

2   (S.D. Cal. 2019) (same); *Engurasoff v. Coca-Cola Co.*, No. 13-cv-03990-JSW, 2014 WL 4145409,

3   at *3 (N.D. Cal. Aug. 21, 2014) (denying motion to dismiss because if plaintiff's allegations were

4   true – that the phosphoric acid in the product was used to add "tartness" – her claims that it should

5   be labeled "*artificially* flavored" would not be preempted).

6         Third, Plaintiff explained the even if the source of non-vanilla vanillin is natural, it

7   undergoes artificial processes and cannot be considered a "natural flavor." Am. Compl. at ¶¶ 55-

8   56 quoting 21 C.F.R. § 101.22(a)(3) ("distillate [*distillation*], or any product of *roasting*, *heating*

9   or *enzymolysis*…or *fermentation products thereof*) (emphasis added); Def. Mem. at 6 ("Contrary

10   to Plaintiff's claims, a [natural] flavor need not be made through a natural process – whatever that

11   means").

12         Fourth, Plaintiff alleged *why* the vanillin in the Product was not made through a natural

13   process. Def. Mem. at 7 quoting *Tarzian v. Kraft Heinz Foods Co.*, 2019 WL 5064732, at *4 (N.D.

14   Ill. Oct. 9, 2019) (detailing industry practices, without more, is insufficient to show a particular

15   ingredient is made in an artificial method). Plaintiff went beyond describing "industry practices"

16   and stated that though "enzymatic reactions and fermentation methods exist" to produce the

17   vanillin molecule from non-vanilla sources," these methods are "seldom used and [are] very

18   costly," because "the rate of conversion…is very low, in part due to the toxicity and limited water

19   solubility of eugenol." Am. Compl. at ¶¶ 57-58.

20         Fifth, Defendant's critique of the laboratory analysis as lacking "control[s]" and that "no

21   one qualified to interpret the results has vouched for the conclusions that Plaintiff, a lay person,

22   draws from them," are not properly considered at the pleading stage. Def. Mem. at 7. Nothing in

23   Rule 8 or Rule 9(b) requires Plaintiff to include "controls," even if these were available to Plaintiff,

24   which they were not, "nor does [defendant] need such information at the pleadings stage in order

25   to defend against plaintiffs' claims, since it must be accepted as true." *Zeiger v. Wellpet LLC*, 304

26   F. Supp. 3d 837, 850 (N.D. Cal. 2018); *see Vizcarra v. Unilever United States, Inc.*, No. 4:20-cv-

27   02777, 2020 WL 4016810, at *1 (N.D. Cal. July 16, 2020) (denying motion to dismiss where

28

plaintiff's analytical testing showed ice cream did not contain flavor exclusively from vanilla plant); *Sharpe v. A & W Concentrate Company and Keurig Dr. Pepper Inc.*, __ F. Supp.3d __, No. 1:19-cv-00768-BMC, 2020 WL 4931045 at *5 (E.D.N.Y. August 24, 2020) ("the existence of ethyl vanillin, the substance plaintiffs allege is exponentially present compared to natural vanilla, is never explicitly disclosed to consumers" and required "advanced scientific testing" to discover); *Dailey v. A & W Concentrate Co., et al.*, No. 20-cv-02732-JST, ECF No. 62, at p. 2 (N.D. Cal. Feb. 16, 2021) (crediting plaintiff's testing allegations at pleading stage that soda contained ethyl vanillin).

Unlike the plaintiff in *Zaback v. Kellogg Sales Co.*, Plaintiff Robie has identified the components of the "Natural Flavor." No. 3:20-cv-00268 (BEN)(MSB), 2020 WL 3414656, at *3 (S.D. Cal. June 22, 2020) (dismissing complaint because the plaintiff failed to provide allegations that the granola lacked vanilla merely because the ingredients listed "natural flavor").

Given that the Product contains ethyl vanillin, which Defendant cannot dispute lacks a natural version, no expert analysis of the test is needed. Def. Mem. at 8 citing *Steele v. Wegmans Food Mkts., Inc.*, 472 F. Supp. 3d 47, 51 (S.D.N.Y. 2020) (declining to consider laboratory analysis at the pleading stage based on methodology of testing procedures).

Defendant's arguments require the Court to accept its version of events instead of Plaintiff's, which it cannot do on a motion to dismiss. As (1) the flavor industry association highlighted the prevalence of misleading labeling of vanilla flavors, (2) the high levels of vanillin and ethyl vanillin and (3) a detailed explanation *why* these ingredients are artificial flavors, Plaintiff has "raise[d] a right to relief above the speculative level," sufficient to "nudge" the allegations "across the line from conceivable to plausible." Am. Compl. at ¶ 81; *Twombly*, 550 U.S. at 548, 555.

The substitution of artificial flavors for natural flavors is a deceptive practice, and the FDA has long required such products to be truthfully labeled as "artificially flavored." Am. Compl. at ¶¶ 49, 82. Thus, it cannot be considered unreasonable that Plaintiff expected more than a trace of vanilla and only natural flavors. Am. Compl. at ¶ 86 ("Moreover, it is reasonable for

consumers to expect the Product to have an appreciable amount of real vanilla.").

### D. Both California and Federal Law Require Defendant to Specifically Identify Vanillin and Artificial Flavor on the Ingredient List

Defendant contends its ingredient list disclosure of "Natural Flavor" is "expressly authorized by federal law, because the regulations allow natural flavors to be declared as "natural flavor. 21 C.F.R. § 101.22(h)(1)." Def. Mem. at 5. However, the Amended Complaint alleges this term fails to identify "the added artificial flavors – vanillin and ethyl vanillin – as part of the generic "Natural Flavor" instead of using the specific, non-generic name[s]," "vanillin" and "artificial flavor." Am. Compl., ¶ 98 citing 21 C.F.R. § 101.4(b)(1).

This is an issue which cannot be determined on a motion to dismiss and Defendant's conclusory denials fail to change the pleading standard. *Allred*, 2018 WL 1185227, at *3 (declining to dismiss plaintiff's allegations that malic acid had to be identified as "dl-malic acid.").

## II. WHETHER A LABELING STATEMENT IS LIKELY TO DECEIVE A REASONABLE CONSUMER IS NOT APPROPRIATE FOR DETERMINATION ON A MOTION TO DISMISS

To state a claim under the CLRA, FAL, and UCL, a plaintiff must allege the defendant's purported misrepresentations are likely to deceive a reasonable consumer. A reasonable consumer is the "ordinary consumer within the target population," *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 506-07, 510 (2003) who is "not versed in the art of inspecting and judging a product, in the process of its preparation or manufacture," *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 682 (2006), and who is not "expected to look beyond misleading representations on the front of the box to discover the truth from the . . .small print on the side of the box." *Williams*, 552 F.3d at 939.

Under this standard, a cognizable claim exists "if a reasonable consumer could find [a] statement would be 'either actually misleading' or having the 'capacity, likelihood, or tendency to deceive or confuse the public.'" *Bailey v. Rite Aid Corp.*, No. 18-cv-06926-YGR, 2019 WL 4260394, at *6 (N.D. Cal. Sept. 9, 2019).

Defendant cites to "vanilla" cases almost exclusively from other states for the proposition

that, because the Product supposedly tastes like vanilla, the front label "Vanilla Flavored With Other Natural Flavors" representation is not misleading. Def. Mem. at 10 ("A reasonable consumer would understand that the term "Vanilla" refers to the Product's characterizing *flavor*, not its ingredients."); *see Steele*, 472 F. Supp. 3d at 50 (dismissing case where product purportedly tasted like vanilla); *Pichardo v. Only What You Need, Inc.*, No. 20-cv-0493-VEC, 2020 U.S. Dist. LEXIS 199791 (S.D.N.Y. Oct. 27, 2020) (beverage "does not mislead because reasonable consumers would expect a vanilla taste, and that is exactly what they get"); *Cosgrove*, 2020 WL 7211218 (consumers would associate "vanilla" with a "flavor and not an ingredient"); *Parham v. Aldi Inc.*, Report and Recommendation, No. 19-cv-8975 (S.D.N.Y. Feb. 15, 2021); *Cosgrove v. Oregon Chai, Inc.*, Opinion and Order, No. 19-cv-10686 (S.D.N.Y. Feb. 21, 2021); *Clark v. Westbrae Natural, Inc.*, No. 20-cv-3221-JSC, 2020 U.S. Dist. LEXIS 224966 (N.D. Cal. Dec. 1, 2020) (dismissing initial complaint and finding consumers would not be misled by undisclosed artificial flavors).

These cases are not controlling. First, they were not decided under the "reasonable consumer" standard in this Circuit. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008) ("[R]easonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box."); *Kang v. P.F. Chang's China Bistro, Inc.*, No. 19-cv-02252-PA-SP, 2020 WL 2027596, at *1 (C.D. Cal. Jan. 9, 2020), *rev'd and remanded sub nom Kang v. P.F. Chang's China Bistro, Inc.*, No. 20-cv-55138, 2021 WL 463443, at *1 (9th Cir. Feb. 9, 2021) (reversing district court's dismissal because it was plausible for consumers to expect some real crab where sushi rolls labeled as containing "krab mix").

Second, Defendant's argument – that vanilla only refers to the Product's flavor – misstates the issue because flavor comes from ingredients. Def. Mem. at 10; Am. Compl. at ¶ 29 ("Where a characterizing flavor of a product is not created exclusively by the identified ingredient, the product's front label must state that the product is flavored with either, or both of, natural or artificial flavorings. 21 C.F.R. § 101.22(i).").

Third, none of the cases cited by Defendant alleged the presence of artificial flavors – vanillin and ethyl vanillin. *See Sharpe*, 2020 WL 4931045 at *5 (denying motion to dismiss where soda claimed to contain vanilla yet its vanilla flavor was from ethyl vanillin); *Dailey*, No. 20-cv-02732-JST (same).

## III.    PLAINTIFF IS ENTITLED TO EQUITABLE RELIEF

Defendant incorrectly argues, "[A] plaintiff cannot seek equitable without first establishing lack of an adequate remedy at law." Def. Mem. at 14, citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

The equitable remedy of an injunction is appropriate because Plaintiff is suffering continual injury in that she cannot determine – nor rely on the labeling – if the Product contains artificial flavors. *Deras v. Volkswagen Group of America, Inc.*, No. 17-cv-05452-JST, 2018 WL 2267448 at *6 (N.D. Cal. May 17, 2018) (finding "no bar to pursuit of alternative remedies at the pleadings stage" where plaintiffs argued legal remedy was inadequate).

*Sonner* only dealt with "past harm" under the UCL, and not future harm. *See Sonner*, 2020 WL 4882896 at *6-7 ("[i]njunctive relief [was] not at issue"). Plaintiff lacks an adequate remedy at law because an injunction is necessary to stop Defendant's wrongful conduct. *See Gross v. Vilore Foods Co.*, No. 3:20-cv-00894-DMS-JLB, 2020 WL 6319131 at *3 (S.D. Cal. Oct. 28, 2020) (distinguishing *Sonner* "because it involved only a request for restitution, not a request for injunctive relief.").

## IV.    PLAINTIFF HAS STANDING TO BRING CLAIMS FOR MONETARY AND INJUNCTIVE RELIEF

### A.    Plaintiff has Plausibly Alleged an Economic Injury

Defendant claims Plaintiff does not have statutory standing to bring her claims because Plaintiff has not established that she has suffered an economic injury. Def. Mem. 11-12. This is not true. Am. Compl. at ¶ 23 ("Plaintiff and the Class lost money as a result of Defendant's conduct because they would not have purchased the Product or would not have paid as much as they did in the absence of Defendant's misrepresentations and omissions.").

In *Zaragoza v. Apple Inc.*, No. 18-cv-06139-PJH, 2019 WL 1171161 (N.D. Cal. March 13, 2019), the court rejected the identical argument that "plaintiffs' allegations that they paid more for the product due to the misrepresentation, or that they would have not bought the product absent it, are implausible." *Id.*, at *9 quoting *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 329 (2011) ("For each consumer who relies on the truth and accuracy of a label and is deceived by misrepresentations into making a purchase, the economic harm is the same: the consumer has purchased a product that he or she paid more for than he or she otherwise might have been willing to pay if the product had been labeled accurately."); *Chavez v. Blue Sky Nat. Beverage Co.*, 340 F. App'x 359, 361 (9th Cir. 2009) (under the UCL, FAL, and CLRA injury pled when plaintiff alleged "he did not receive what he had paid for" and "he would not have paid had he known the truth"); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018) ("[T]he economic injury of paying a premium for a falsely advertised product is sufficient harm to maintain a cause of action.").

### B.      Plaintiff has Standing for Injunctive Relief

Defendant argues against injunctive relief, stating "Ordinarily, a consumer who has discovered an allegedly deceptive practice will not be deceived again, eliminating the risk of 'certainly impending' future harm." Def. Mem. at 14.

The fundamental flaw in this argument is that Plaintiff alleges Defendant's labeling fails to disclose its artificial flavors, detected only by laboratory testing. Am. Compl. at ¶¶ 92-93. Thus, Plaintiff cannot simply look at the ingredients to determine whether the Product removed the artificial flavors to be consistent with its front label.

Plaintiff alleged that she "intends to, seeks to, and will purchase the Product again when she can do so with the assurance that the Product's labels, which indicate that the Product is only flavored with natural flavors, are lawful and consistent with the Product's ingredients." Am. Compl. at ¶ 25; *Davidson*, 889 F.3d at 969-70 ("the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to."); *see Tucker v. Post*

*Consumer Brands, LLC*, No. 19-cv-03993-YGR, 2020 WL 1929368, at *6 (N.D. Cal. April 21, 2020) ("Plaintiff's inability to rely on the honey-related words and images prominently featured on the front and top of the cereal box constitutes an ongoing injury for which plaintiff may seek injunctive relief.").

## V. PLAINTIFF'S REMAINING CLAIMS ARE ADEQUATELY PLED

### A. Warranty and Fraud Claims

The breach of express warranty, implied warranty, and the Magnuson-Moss Warranty Act succeed because, as discussed above, Defendant held the Product out as having "substantive, quality, compositional and/or health-related [qualities] which it did not. Am. Compl. at ¶ 173. Additionally, Defendant asserts the breach of implied warranty claims fail "because Plaintiff has not and cannot plausibly allege that the Product was unfit for ordinary use." Def. Mem. at 12.

Though Plaintiff does not claim the Product was "unfit for ordinary use," Plaintiff asserts that the Product does conform to its promises and affirmations of fact. Therefore, "the implied warranty of merchantability claim rises and falls with express warranty claims brought for the same product." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1106 (N.D. Cal. 2017).

The fraud claims should continue because Defendant was the speaker of the representations and omissions with respect to the amount and proportion of vanilla and artificial flavor in the Product. Am. Compl. at ¶¶ 1, 181-85. These statements and omissions were fraudulent because they failed to disclose a trace amount of vanilla was boosted by artificial vanillin and ethyl vanillin. Am. Compl. ¶ 82. Defendant's intent to defraud is revealed because it knew its statements and omissions were not accurate. Am. Compl. at ¶ 184; Def. Mem. at 13. The allegations meet the primary purpose of Rule 9(b) and Plaintiff "placed Defendant[] on sufficient notice to respond to the alleged fraud." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1020 (9th Cir. 2020).

### B. Unjust Enrichment

Plaintiff's claim of unjust enrichment is not duplicative of her other claims. Def. Mem. at 13. Unjust enrichment "describe[s] the theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." *Astiana v. Hain Celestial Grp.*

1   *Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Plaintiff alleges Defendant "obtained benefits and monies"

2   because of Defendant's misconduct. Am. Compl. at ¶ 187. This establishes that Defendant enticed

3   Plaintiff to purchase the Product through false and misleading labeling and was unjustly enriched

4   as a result. "This straightforward statement is sufficient to state a quasi-contract cause of action."

5   *Astiana*, 783 F.3d at 762.

**CONCLUSION**

7   For the reasons stated above, Defendant's motion must be denied in its entirety.

8   Dated: March 9, 2021

**SHEEHAN & ASSOCIATES, P.C.**
*/s/* Spencer Sheehan
Spencer Sheehan*
spencer@spencersheehan.com
60 Cuttermill Rd Ste 409
Great Neck, NY 11021
Telephone:  (516) 268-7080
Facsimile:   (516) 234-7800
**SHUB LAW FIRM LLC**
Jonathan Shub (State Bar No. 237708)
*jshub@shublawyers.com*
Kevin Laukaitis*
*klaukaitis@shublawyers.com*
134 Kings Highway E Fl 2
Haddonfield, NJ 08033
Telephone: (856) 772-7200
Facsimile: (856) 210-9088


**GREG COLEMAN LAW PC**
Alex Straus (State Bar No. 321366)
*alex@gregcolemanlaw.com*
16748 McCormick Street
Los Angeles, CA 91436
Telephone: (310) 450-9689
Facsimile: (310) 496-3176

**Pro Hac Vice* Admission or Application
filed or forthcoming

*Counsel for Plaintiff and the Proposed Class*